UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE LENORE SWAIN, Plaintiff, vs. DAVOL INC. and C.R. BARD, INC., Defendants. | Case No.: 1:08-cv-01384 (ENV) (KAM) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), (collectively "Defendants"), by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**NATURE OF THE CASE**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. The allegations in Paragraph 2 are not directed toward Bard therefore no response is necessary. Davol admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 100 Crossings Boulevard, Warwick, Rhode Island 02886. Answering further, Davol admits that, at certain times, limited manufacturing of the Composix® Kugel® Hernia Patch has occurred at its Cranston facility. Davol further admits that it focuses its business on innovative products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy.

3. The allegations in Paragraph 3 are not directed toward Davol therefore no response is necessary. Bard admits that it is a corporation organized under the laws of the State of New Jersey and that Davol is its subsidiary. Answering further, Bard admits that it does business in Rhode Island. Bard denies each and every remaining allegation in this paragraph.

4. Defendants admit that at various times Davol designed, conducted limited manufacturing of, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know what is meant by "researched," "tested," "advertised," or "promoted" beyond the meanings of designed, manufactured, and marketed which have been addressed above. Accordingly, Defendants deny these allegations and any remaining allegations in this paragraph.

5. Defendants deny the allegations as phrased. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

6. The allegations in Paragraph 6 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

7. The allegations in Paragraph 7 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

8. The allegations in Paragraph 8 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

9. The allegations in Paragraph 9 are not directed to Bard, and therefore no response is required. Davol admits that it designed, distributed, and conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 9 of the Complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies the same.

10. The allegations in Paragraph 10 are not directed to Bard, and therefore no response is required. Davol admits that at certain times it conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "delivery" beyond the meaning of "distributed" which has been admitted; therefore Bard denies the allegation. As to the remaining allegations contained in Paragraph 10 of the complaint, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

11. Defendants admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

## JURISDICTION

12. Defendants admit that the requirements of 28 U.S.C. § 1332(a) have been met.

## PARTY PLAINTIFFS

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore deny the same.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore deny the same.

16. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny the same.

17. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore deny the same.

18. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore deny the same.

19. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore deny the same.

## PARTY DEFENDANTS

20. The allegations in Paragraph 20 are not directed to Bard, and therefore no response is required. Davol denies the allegations as phrased. Davol admits that it is incorporated in the state of Delaware with its principal place of business in Warwick, Rhode Island.

21. The allegations in Paragraph 21 are not directed to Bard, and therefore no response is required. Davol admits that it conducts business throughout the United States, including the State of New York.

22. The allegations in Paragraph 22 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are not directed to Bard, and therefore no response is required. Davol admits at various times it has conducted limited manufacturing of, designed, marketed, labeled, distributed, and sold the Composix® Kugel® Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information.

25. The allegations in Paragraph 25 are not directed to Davol, and therefore no response is required. Bard admits that it is incorporated in the State of New Jersey with its principal place of business in Murray Hill, New Jersey.

26. The allegations in Paragraph 26 are not directed to Davol, and therefore no response is required. Bard admits that it conducts business throughout the United States, including the State of New York.

27. The allegations in Paragraph 27 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

29. Defendants deny the allegations as phrased. Defendants admit that Bard's subsidiary, Davol, sells the Composix® Kugel® Patch for use by prescribing physicians in accordance with its accompanying labeling information.

## FACTUAL BACKGROUND

30. Davol admits that at various times Davol designed, conducted limited manufacturing of, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol further admits that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. However, Davol does not know what is meant by "researched," "tested," "advertised," or

"promoted" beyond the meanings of designed, manufactured, and marketed which have been addressed above. Accordingly, Davol denies these allegations and any remaining allegations in this paragraph. Bard denies each and every allegation in Paragraph 35.

31. Defendants admit that Davol was acquired by Bard in 1980 and that Davol is a subsidiary of Bard.

32. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2004 the entirety of its surgical specialty business segment had sales of approximately $313,300,000.00.

33. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2005 the entirety of its surgical specialty business segment had sales of approximately $330,200,000.00.

34. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2006 the entirety of its surgical specialty business segment had sales of approximately $357,400,000.00.

35. Defendants state that this allegation as currently worded is unintelligible, and therefore Defendants are unable to respond accordingly. To the extent a response is required, Defendants deny the allegations in this paragraph.

36. Defendants admit that the federal Food and Drug Administration approved the marketing of the Composix® Kugel® Hernia Patch on January 22, 2001 to prescribing physicians in accordance with its accompanying labeling information based on Davol's premarket submission.

37. Defendants admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

38. Bard and Davol admit that the Composix® Kugel® Hernia Patch is a self-expanding, nonabsorbable, sterile prosthesis indicated for use in the reconstruction of soft tissue deficiencies such as ventral or incisional hernias. The patented monofilament ring adds stability to the device, facilitating placement and assurance in the proper placement of the patch while the polypropylene monofilaments encourage a prompt fibroblastic response through the interstices of the mesh reducing the risk of hernia recurrence.

39. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. Answering further, Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as "there is a reasonable chance that the product will cause serious health problems or death."

40. Denied. Defendants state that the FDA's December 22, 2005 Class I recall information sheet reads: "The 'memory recoil ring' that opens the Bard® Composix® Kugel® Mesh Patch can break under the stress of placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations

(rupture) and/or chronic (recurring) intestinal fistulae (abnormal connections or passageways between the intestines and other organs)."

41. Defendants admit that on March 24, 2006, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

42. Defendants admit that on January 10, 2007, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Defendants further state these products have since been returned to the market with FDA approval.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations. Defendants state that at all relevant times they timely informed the FDA of all reportable medical device reports of which they were aware.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. The allegations in Paragraph 51 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

52. The allegations in Paragraph 52 of the Complaint are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore deny the same.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore deny the same.

**FIRST CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(NEGLIGENCE AND NEGLIGENCE PER SE)**

55. In response to Paragraph 55 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

56. The allegations in Paragraph 56 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

57. The allegations in Paragraph 57 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

58. The allegations in Paragraph 58 and its subparts (a) through (p) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

59. The allegations in Paragraph 59 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 and its subparts (a) though (g) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. The allegations in Paragraph 61 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

62. The allegations in Paragraph 62 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

63. The allegations in Paragraph 63 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION AS AGAINST THE DEFENDANTS (STRICT PRODUCTS LIABILITY)

67. In response to Paragraph 67 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

68. Defendants admit that at various times Davol designed, conducted limited manufacturing of, distributed, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants do not know what is meant by "researched," "tested," "advertised," or "promoted" beyond the meanings of designed, manufactured, and marketed which have already been admitted. Therefore Defendants deny these allegations. As to the remaining allegations in Paragraph 68, Defendants lack knowledge

or information sufficient to form a belief as to the truth of these allegations, and Defendants therefore deny these allegations.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and Defendants therefore deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and Defendants therefore deny the allegations.

76. The allegations in Paragraph 76 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

77. The allegations in Paragraph 77 are conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations.

78. The allegations in Paragraph 78 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

79. The allegations in Paragraph 79 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. The allegations in Paragraph 83 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

84. The allegations in Paragraph 84 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

85. The allegations in Paragraph 85 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

86. The allegations in Paragraph 86 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

88. The allegations in Paragraph 88 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(BREACH OF EXPRESS WARRANTY)**

92. In response to Paragraph 92 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

93. The allegations in Paragraph 93 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

94. The allegations in Paragraph 94 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

95. The allegations in Paragraph 95 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

96. The allegations in Paragraph 96 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (BREACH OF IMPLIED WARRANTIES)

103. In response to Paragraph 103 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

104. Defendants admit that, at various times, Davol designed, conducted limited manufacturing of, marketed, labeled, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Defendants further admit that the Composix® Kugel® Hernia Patch is indicated for use in the repair of soft tissue defects, such as ventral hernias, when used by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations contained in Paragraph 104 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny each and every remaining allegation in this paragraph.

105. The allegations in Paragraph 105 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

106. The allegations in Paragraph 106 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

107. The allegations in Paragraph 107 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. The allegations in Paragraph 110 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

111. The allegations in Paragraph 111 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

113. The allegations in Paragraph 113 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

## FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT MISREPRESENTATION)

115. In response to Paragraph 115 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

116. The allegations in Paragraph 116 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

119. The allegations in Paragraph 119 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

120. The allegations in Paragraph 120 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

121. The allegations in Paragraph 121 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

122. The allegations in Paragraph 122 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

123. The allegations in Paragraph 123 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

125. The allegations in Paragraph 125 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SIXTH CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(FRAUDULENT CONCEALMENT)**

128. In response to Paragraph 128 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

129. The allegations in Paragraph 129 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

130. The allegations in Paragraph 130 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

131. The allegations in Paragraph 131 and its subparts (1) through (11) are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

132. *(Plaintiff's Complaint inadvertently skips Paragraph 132 and continues at Paragraph 145.)*

133. *(Plaintiff's Complaint inadvertently skips Paragraph 133 and continues at Paragraph 145.)*

134. *(Plaintiff's Complaint inadvertently skips Paragraph 134 and continues at Paragraph 145.)*

135. *(Plaintiff's Complaint inadvertently skips Paragraph 135 and continues at Paragraph 145.)*

136. *(Plaintiff's Complaint inadvertently skips Paragraph 136 and continues at Paragraph 145.)*

*137. (Plaintiff's Complaint inadvertently skips Paragraph 137 and continues at Paragraph 145.)*

138. *(Plaintiff's Complaint inadvertently skips Paragraph 138 and continues at Paragraph 145.)*

139. *(Plaintiff's Complaint inadvertently skips Paragraph 139 and continues at Paragraph 145.)*

140. *(Plaintiff's Complaint inadvertently skips Paragraph 140 and continues at Paragraph 145.)*

141. *(Plaintiff's Complaint inadvertently skips Paragraph 141 and continues at Paragraph 145.)*

142. *(Plaintiff's Complaint inadvertently skips Paragraph 142 and continues at Paragraph 145.)*

143. *(Plaintiff's Complaint inadvertently skips Paragraph 143 and continues at Paragraph 145.)*

144. *(Plaintiff's Complaint inadvertently skips Paragraph 144 and continues at Paragraph 145.)*

145. The allegations in Paragraph 145 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

146. The allegations in Paragraph 146 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

147. The allegations in Paragraph 147 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

148. The allegations in Paragraph 148 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

149. The allegations in Paragraph 149 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

150. The allegations in Paragraph 150 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

151. The allegations in Paragraph 151 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

152. The allegations in Paragraph 152 are conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations.

**SEVENTH CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(NEGLIGENT MISREPRESENTATION)**

153. In response to Paragraph 153 of the Complaint, Defendants incorporate by reference their responses in all preceding paragraphs.

154. The allegations in Paragraph 154 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

155. The allegations in Paragraph 155 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

156. The allegations in Paragraph 156 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

157. The allegations in Paragraph 157 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

158. The allegations in Paragraph 158 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

159. The allegations in Paragraph 159 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

160. The allegations in Paragraph 160 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**EIGHTH CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(FRAUD AND DECEIT)**

161. In response to Paragraph 161 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

162. The allegations in Paragraph 162 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

163. The allegations in Paragraph 163 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

164. The allegations in Paragraph 164 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

165. The allegations in Paragraph 165 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

166. The allegations in Paragraph 166 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

167. The allegations in Paragraph 167 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

168. The allegations in Paragraph 168 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

169. The allegations in Paragraph 169 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

170. The allegations in Paragraph 170 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

171. The allegations in Paragraph 171 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

172. The allegations in Paragraph 172 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

173. The allegations in Paragraph 173 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

174. The allegations in Paragraph 174 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

175. The allegations in Paragraph 175 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

176. The allegations in Paragraph 176 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

177. The allegations in Paragraph 177 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

178. The allegations in Paragraph 178 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

179. The allegations in Paragraph 179 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

180. The allegations in Paragraph 180 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

181. The allegations in Paragraph 181 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

182. The allegations in Paragraph 182 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

183. The allegations in Paragraph 183 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

184. The allegations in Paragraph 184 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

185. The allegations in Paragraph 185 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

186. The allegations in Paragraph 186 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

187. The allegations in Paragraph 187 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

188. The allegations in Paragraph 188 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiff's Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiff's claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

7. Plaintiff's, or Plaintiff's agents', including Plaintiff's physicians', misuse or abnormal use of the product or failure to follow instructions bar Plaintiff's claims in whole or in part.

8. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

10. If Plaintiff sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

12. The learned intermediary doctrine bars Plaintiff's claims.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

17. If Plaintiff suffered injuries or damages as alleged, which is denied, such injuries or damages resulted from acts or omissions of persons or entities for which

Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of other persons or entities, such diseases and/or such causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

18. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

20. Plaintiff failed to mitigate damages, which limits Plaintiff's recovery, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiff's claims are barred in whole or in part by Plaintiff's own comparative negligence.

24. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

25. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution and/or the New Jersey Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the

United States Constitution, and the similar provisions of the New York Constitution and/or the New Jersey Constitution.

29. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under New York, New Jersey, and/or other applicable laws.

30. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New York.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 15, 2008

PEPPER HAMILTON LLP

By: ____________________
Samuel J. Abate, Jr. (SA 0915)
Pepper Hamilton LLP
The New York Times Building
620 Eighth Avenue
37th Floor
New York, NY 10018-1405
Tel: 212-808-2706
Fax: 212- 286-9806
abates@pepperlaw.com

ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.

Of Counsel:
Kirby T. Griffis
Dana A. Gausepohl
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street NW
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639
kgriffis@spriggs.com
dgausepohl@spriggs.com
mjunk@spriggs.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2008, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES was served upon the following counsel:

Michael A. London, Esq.
DOUGLAS & LONDON, P.C.
111 John Street, Suite 1400
New York, New York 10038

BY: /s/ Samuel J. Abate, Jr.
Samuel J. Abate, Jr.